UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOAN MARTIN, *PLAINTIFF* | CIVIL ACTION NO. |
| V. | JUDGE |
| WESCO DISTRIBUTION, INC., *DEFENDANTS* | MAGISTRATE JUDGE |

## COMPLAINT

Plaintiff Joan Martin brings this action to obtain redress for deprivation of her rights under the FMLA, ADEA, ADA and Title VII.

### I. PARTIES

1. Plaintiff is Joan Martin. She is a person of the full age of majority.

2. Wesco Distribution, Inc. ("Wesco") is a Foreign corporation which conducts business in the Eastern District of Louisiana. Its registered agent for service of process is CT Corporation System.

### II. JURISDICTION AND VENUE

3. Plaintiff brings this action under the FMLA, ADEA, ADA and Title VII.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because it is brought under the FMLA, ADEA, ADA and Title VII, and presents a federal question.

5. The Court has supplemental jurisdiction of Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

6. This Court has general personal jurisdiction over Wesco Distribution, Inc. because it has such minimum contacts with the forum so that exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Defendant has a presence in Louisiana,

has systematic and continuous activities within Louisiana, enjoys the benefits and protections of state laws and it is reasonable to expect Defendant to defend itself in Louisiana.

7. This Court has specific personal jurisdiction over Wesco Distribution, Inc. because Plaintiff's claim arises out of and is related to its contact with the forum - specifically Plaintiff's employment with Wesco in the Eastern District of Louisiana.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana and not all defendants reside in Louisiana.

### III.   FACTS

9. Martin worked for Wesco from 1985 until her constructive discharge in August 2017.

10. Martin worked as a senior inside sales representative.

11. As a senior inside sales representative, Martin was compensated, in part, on a commission basis, and she was assigned certain specific accounts that generated over $50,000 of income to Martin.

12. Her job duties included assisting clients with order placements and customer service for the accounts she was assigned.

13. In 2003, Martin took leave to address a diagnosis of breast cancer for which she recovered.

14. In 2015, Martin was diagnosed with Stage IV breast cancer and again took FMLA leave.

15. In March 2017, Martin took medical leave because she needed surgery on her thyroid.

16. While Martin was on leave, her manager advised her that he was changing her job duties and changing her accounts.

17. When Martin returned to work, after two weeks, Wesco had reassigned Martin's largest and most lucrative account to a younger male employee.

18. Martin complained to her manager about the account reassignment, and she was told that the company was reassigning her accounts to new employees because Wesco assumed that Martin would be retiring soon.

19. Martin told Wesco that she was not retiring, but Wesco continued to discriminate and/or retaliate against her by refusing to return her account to her and not assigning any new accounts to her.

20. As a direct result of Wesco's actions, Martin suffered damages exceeding $300,000.

21. Plaintiff filed charges of discrimination with the EEOC on December 21, 2017, which was within 180 days of the occurrence of which she complains.

22. On June 26, 2018, the EEOC issued a notice of right to sue to Plaintiff.

### A. Title VII

23. Defendant employed Plaintiff.

24. Plaintiff adequately performed her duties at all times.

25. Defendant employed more than 50 employees.

26. Plaintiff suffered the adverse employment action of having her accounts reassigned to a younger male employee and constructively discharged.

27. Plaintiff complained to her supervisor and human resources representatives about being discriminated against.

28. After complaining, Plaintiff suffered the adverse employment action of her accounts reassigned to a younger male employee and constructively discharged.

29. Plaintiff suffered damages because of Defendant's actions including:

    a. denial of equal employment opportunities;

    b. income;

    c.  employment benefits including: retirement benefits, insurance coverage, paid time off, social security benefits;

    d.  emotional and mental anguish and damage to her reputation.

30. Defendant acted with malice and reckless disregard of Plaintiff's civil rights.

31. Defendant's actions constitute violations of Title VII because Defendant's because Defendant's decision to reassign her accounts and constructively discharge her were based on her sex.

## B. FMLA

32. Plaintiff took FMLA leave;

33. During her FMLA leave, Plaintiff suffered the adverse employment action of having her accounts reassigned to a younger male employee and constructively discharged.

34. When Plaintiff returned from her FMLA leave, Defendant failed to reinstate her accounts.

35. Plaintiff complained to her supervisor and human resources representatives about her accounts being reassigned.

36. After complaining, Plaintiff suffered the adverse employment action of her accounts reassigned to a younger male employee and constructively discharged.

37. Plaintiff suffered damages because of Defendant's actions including:

    a.  Failure to reins

    b.  income;

    c.  employment benefits including: retirement benefits, insurance coverage, paid time off, social security benefits;

    d.  emotional and mental anguish and damage to her reputation.

38. Defendant's actions constitute violations of the FMLA by interfering with Plaintiff's FMLA leave, failing to return Plaintiff to the same or similar position she had prior to taking FMLA leave and retaliating against Plaintiff for taking FMLA leave and complaining of the adverse employment actions she suffered. Because she took FMLA leave.

### C. ADA

39. Plaintiff suffered from a disability – namely cancer.

40. Defendant regarded Plaintiff as disabled and assumed she would retire after her thyroid surgery.

41. During her leave, Plaintiff suffered the adverse employment action of having her accounts reassigned to a younger male employee and constructively discharged.

42. When Plaintiff returned from her leave, Defendant failed to reinstate her accounts, and treated her as though she ere disabled by limiting her accounts and job duties and openly stating they thought she was going to retire after the surgery.

43. Plaintiff complained to her supervisor and human resources representatives about her accounts being reassigned.

44. After complaining, Plaintiff suffered the adverse employment action of her accounts reassigned to a younger male employee and constructively discharged.

45. Plaintiff suffered damages because of Defendant's actions including:

    a. denial of equal employment opportunities;

    b. income;

    c. employment benefits including: retirement benefits, insurance coverage, paid time off, social security benefits;

    d. emotional and mental anguish and damage to her reputation.

46. Defendant's actions constitute violations of ADA because Defendant's because Defendant's decision to reassign her accounts and constructively discharge her were based on her disability or her perceived disability.

**D. ADEA**

47. Plaintiff suffered the adverse employment action of having her accounts reassigned to a younger male employee and constructively discharged.

48. Plaintiff complained to her supervisor and human resources representatives about being discriminated against.

49. Defendant openly stated that it reassigned Plaintiff's accounts because Defendant thought Martin would retire.

50. After complaining, Plaintiff suffered the adverse employment action of her accounts reassigned to a younger male employee and constructively discharged.

51. Plaintiff suffered damages because of Defendant's actions including:

   a. denial of equal employment opportunities;

   b. income;

   c. employment benefits including: retirement benefits, insurance coverage, paid time off, social security benefits;

   d. emotional and mental anguish and damage to her reputation.

52. Defendant acted with malice and reckless disregard of Plaintiff's civil rights.

53. Defendant's actions constitute violations of ADEA because Defendant's because Defendant's decision to reassign her accounts and constructively discharge her were based on her age.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. Enter a judgment declaring that Wesco's actions constituted a constructive discharge and violate Title VII, the ADA, ADEA, and/or the FMLA;

2. Issue a permanent injunction as follows:

3. Restitution to Plaintiff of all rights, privileges, benefits and income that Plaintiff would have had but for Defendant's actions.

4. Award Plaintiff damages in an amount to be determined as just under the circumstances for the above listed damages, including but not limited to: back pay, front pay, compensatory damages, liquidated damages, and punitive damages.

5. Award Plaintiff the costs of this action together with reasonable attorney's fees.

6. Award Plaintiff all other legal and equitable relief deemed just and proper.

Respectfully submitted,

/s/Chad A. Danenhower
Chad A. Danenhower, Bar # 32845
Danenhower Law Firm, LLC
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 590-5026
Facsimile:  (985) 6500525
chad.danenhower@danenhowerlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOAN MARTIN,
*PLAINTIFF*

CIVIL ACTION NO. ##-####

V.

JUDGE

WESCO DISTRIBUTION, INC.,
*DEFENDANTS*

MAGISTRATE JUDGE

## **VERIFICATION**

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

BEFORE ME, the undersigned authority, personally came and appeared Joan Martin who after being duly sworn, did depose and say that she has read the above and foregoing petition and all of the facts contained therein are true and correct to the best of her knowledge, information and belief.

_____
Joan Martin

Sworn to and Subscribed
before me this August 27, 2018

_____
Chad A. Danenhower
Notary Public
La. Bar # 32845